OPINION
{¶ 1} This accelerated appeal arises from the Trumbull County Court of Common Pleas. Appellant, Victoria Taylor ("Taylor"), appeals the granting of summary judgment in favor of appellee, AFSCME Local 11("AFSCME").
{¶ 2} Taylor was employed as a correctional officer with the Ohio Department of Rehabilitation Correction ("ODRC") at the Trumbull Correctional Institution from February 1994 until December 1997. As part of her job duties, Taylor was required to carry and use a firearm.
{¶ 3} On May 21, 1997, Taylor was indicted on six counts of fraud and related fraud activity in connection with access devices, a Class C felony, in the United States District Court for the Northern District of Ohio, Eastern Division. On July 18, 1997, Taylor pled guilty to one count of fraud. On October 14, 1997, Taylor was sentenced to four years probation, which included home confinement for six months. Taylor was also ordered to pay restitution in the amount of $18,173.50. The felony conviction also resulted in Taylor's inability to carry a firearm.
{¶ 4} The Class C felony to which Taylor pled occurred during her employment with the ODRC. As a result of Taylor's felony conviction, on November 4, 1997, the ODRC, pursuant to the parties' collective bargaining agreement, issued a notice to Taylor that a predisciplinary conference was scheduled for November 13, 1997, regarding a violation of the Standard of Employee Conduct. Subsequent to the predisciplinary conference, the ODRC sent Taylor a "Notice of Disciplinary Action" informing her that she was being terminated effective December 18, 1997, for violating departmental "Rule 10 — Felony Commission or Conviction" and "Rule 9 — Felony conviction for any act that constitutes a felony under state or federal law".
{¶ 5} Following her discharge, Taylor challenged the ODRC's action through the five-step grievance process set forth in the parties' collective bargaining agreement through her local AFSCME union, Ohio Civil Service Employees Association. On December 18, 1997, a union representative prepared a grievance on behalf of Taylor challenging her termination. The grievance was initiated at step three, pursuant to the collective bargaining agreement. A hearing was held on January 8, 1998, at Trumbull Correctional Institution. On May 26, 1998, Joseph Shaver, Chief of the Bureau of Labor Relations for ODRC denied Taylor's grievance. AFSCME timely appealed Taylor's grievance to step four, requesting mediation. On August 20, 1998, a mediation hearing occurred. At the conclusion of that hearing, the parties were still unable to resolve the grievance.
{¶ 6} AFSCME then asked Taylor to furnish additional documents to corroborate her position, including a copy of Taylor's motion requesting relief from disability, that she claimed she was in the process of filing with the court allowing her the limited use of a firearm for the specific purpose of performing her job duties as a corrections officer. To comply with the mandatory timelines for filing for arbitration, AFSCME appealed Taylor's grievance to step five, requesting arbitration, while the AFSCME Arbitration Committee formally decided whether to forward Taylor's grievance to arbitration.
{¶ 7} AFSCME met with Taylor on November 19, 1998, and conditionally approved her grievance for arbitration, as long as she provided the arbitration committee with a copy of her motion requesting relief from disability and a copy of her motion appealing her guilty plea filed with the court. Taylor agreed to provide the information to the committee. Arbitration was scheduled for May 21, 1999.
{¶ 8} Taylor subsequently failed to provide either document to the committee, and her grievance was held in abeyance pending further review. After waiting nine months for Taylor to provide the documentation or provide an explanation for her failure to comply, the arbitration committee decided that Taylor's grievance lacked merit because of insufficient evidence to support her position.
{¶ 9} Taylor filed a complaint on November 9, 2000, against the ODRC and AFSCME Local 11, alleging that the ODRC wrongfully terminated her and that AFSCME refused to process her grievance, based upon racial, gender, and age discrimination, in violation of Title VII and the Ohio Civil Rights Act. Taylor filed a voluntary motion to dismiss ODRC without prejudice on December 28, 2000. ODRC was dismissed and the action proceeded solely against AFSCME.
{¶ 10} AFSCME filed a motion for summary judgment on January 31, 2001. Taylor filed a subsequent motion in opposition. On January 25, 2002, the trial court granted appellee's motion for summary judgment. Taylor filed this timely appeal, citing a single assignment of error:
{¶ 11} "The trial court erred and abused its discretion in granting defendant-appellees Rule 56 motion as to the allegations of race and sex discrimination."
{¶ 12} Taylor contends that the trial court erred in granting summary judgment because there is a "clear nexus" between the "named individuals and alleged discriminatory acts" alleged in her complaint.
{¶ 13} Summary judgment is appropriate only when the court is convinced that there are no genuine issues of material fact in dispute; that the moving party is entitled to judgment as a matter of law; and that, construing the evidence most strongly in favor of the nonmoving party, reasonable minds could come to but one conclusion and that conclusion is in favor of the moving party. The moving party must provide evidence demonstrating an absence of material fact on the essential elements of the nonmoving party's claims.
{¶ 14} R.C. 4117, et seq., provides the statutory framework for the resolution of public-sector labor disputes by setting forth a series of procedures and remedies. R.C. 4117 provides the State Employment Relations Board ("SERB") with exclusive jurisdiction over certain issues concerning public sector employment. However, public employers and their employees may include provisions in their collective bargaining agreement which allow both parties to commit to final and binding arbitration of grievances.
{¶ 15} In the instant case, Taylor alleged in her complaint that AFSCME failed to adequately represent her by failing to forward her grievance to arbitration. An allegation that a labor organization failed to fulfill its mandatory duties of representation required under R.C. 4117.11(B)(6) is clearly an unfair labor practice. Thus, where a public employee has alleged that a labor union has committed an unfair labor practice, that issue should be addressed in the form of an unfair labor practice complaint filed with SERB.
{¶ 16} The record reveals that Taylor filed four unfair labor practice complaints with SERB prior to the commencement of the current lawsuit. SERB dismissed all four complaints as having no merit, finding that the union's practices were not "arbitrary, discriminatory or in bad faith." Once SERB has dismissed a charging party's unfair labor practice complaint, that party has a right to appeal the SERB decision to a court of common pleas. Rather than filing an appeal of the SERB decisions to the court of common pleas, Taylor initiated the current action, alleging that ODRC and AFSCME committed acts of age, race, and gender discrimination under Title VII and R.C. 4113, et seq. The ODRC was dismissed voluntarily from this action. The remaining defendant, and appellee in this appeal, is AFSCME. The claims against AFSCME in this action are identical to those presented to SERB, in that they allege that AFSCME failed to forward her grievance to arbitration.
{¶ 17} Taylor has abandoned an administrative appeal of the SERB decisions to the court of common pleas and has, instead, filed an employment discrimination action in the court of common pleas. However, before such an action can proceed, the plaintiff must exhaust all administrative remedies. Before filing a discrimination action pursuant to Title VII, a party must "request an agency investigation and only permitting the individual to institute court action upon filing a complaint within ninety days of receiving a 'right to sue' letter from the agency."
{¶ 18} The record does not reveal any allegation by Taylor that she ever initiated an investigation through either the Equal Employment Opportunity Commission ("EEOC") or the Ohio Civil Rights Commission ("OCRC"), or that she ever received a right to sue letter from either agency. Thus, as Taylor failed to conform to the statutory procedure for a Title VII discrimination claim, the trial court lacked subject matter jurisdiction over that claim.
{¶ 19} Taylor also alleged that AFSCME's decision not to take her grievance to arbitration violated R.C. 4112.02, which prohibits a labor union from discriminating against an individual with regard to employment opportunities because of race, color, religion, sex, age or national origin.
{¶ 20} The Supreme Court of Ohio has held that the same evidentiary standards applicable in determining a violation of Title VII apply to R.C. 4112. Thus, federal case law applying Title VII is applicable to cases involving R.C. 4112.
{¶ 21} R.C. 4112.02(C) states that it is an unlawful discriminatory practice for any labor organization to:
{¶ 22} "(1) Limit or classify its membership on the basis of race, color, religion, sex, national origin, disability, age, or ancestry;
{¶ 23} "(2) Discriminate against, limit the employment opportunities of, or otherwise adversely affect the employment status, wages, hours, or employment conditions of any person as an employee because of race, color, religion, sex, national origin, disability, age or ancestry."
{¶ 24} In her complaint, Taylor alleged that AFSCME's action affected only herself, not an entire class of persons. Therefore, she is alleging that AFSCME discriminated against her using disparate treatment. In order to prevail in a disparate treatment employment discrimination case, the plaintiff must establish a prima facie case of discrimination. The burden of production is then on the defendant to articulate a legitimate, nondiscriminatory reason for its action. If the defendant produces such a reason, the plaintiff must then prove that the reason offered is only a pretext for discrimination.
{¶ 25} In order to establish a prima facie case for discrimination, a plaintiff cannot produce mere conclusory allegations of discriminatory conduct; some factual basis for such claims must be set forth in the pleadings. When alleging a Title VII claim against a union, a plaintiff must demonstrate: that the company committed a violation of the collective bargaining agreement with respect to the plaintiff; the union permitted that breach to go unaddressed, thus breaching its duty of fair representation; and that there was some indication that the union's action was motivated by animus.
{¶ 26} In the instant case, Taylor does not allege in her complaint that ODRC or AFSCME violated the collective bargaining agreement. Thus, as Taylor has not met the initial burden of establishing a prima facie case for employment discrimination, her claim must fail as a matter of law.
{¶ 27} The record reveals that AFSCME followed each step of the grievance process in accordance with the collective bargaining agreement. As a result of Taylor's felony plea, she was legally prohibited from acquiring, carrying, or using a firearm from that date forward. Therefore, as the job of corrections officer requires the use of a firearm, Taylor would not be able to perform the duties of the job. Taylor does not dispute the fact that she cannot perform all of the essential functions of the job. Thus, ODRC had a legitimate, nondiscriminatory reason for terminating her employment.
{¶ 28} AFSCME informed Taylor that she would have to provide copies of her motion to obtain relief from disability as well as her motion to appeal the guilty plea before her grievance could proceed. Taylor failed to provide such documentation after several requests and, as such, AFSCME refused to proceed to arbitration as it lacked sufficient evidence to support Taylor's claims. A union is not required to take each grievance through every stage of the grievance process. Once the union makes a reasonable, good faith determination that a grievance lacks merit, it may decide not to proceed to arbitration and no violation has occurred.
{¶ 29} Thus, for the foregoing reasons, namely, Taylor's failure to follow the statutory procedure for appealing a SERB decision, her failure to exhaust the administrative remedies regarding her Title VII and R.C. 4412 claim, and her failure to establish a prima facie case for employment discrimination, the trial court properly granted summary judgment in favor of appellee, AFSCME.
{¶ 30} Taylor's assignment of error is without merit.
{¶ 31} The judgment of the trial court is affirmed.
DONALD R. FORD, P.J., and CYNTHIA WESTCOTT RICE, J., concur.